### THE CARRIE L. TYLER.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

#### No. 386.

PILOTS—PENALTY FOR ACTING WITHOUT LICENSE—SUIT TO RECOVER.

A suit based upon Code N. C. § 3519, which provides that, "if any person shall presume to act as pilot, who is not qualified and licensed in the manner herein prescribed, he shall forfeit and pay for the use of the commissioners forty dollars for every attempt at piloting," is one for the recovery of a statutory penalty, which, by the terms of the statute, is imposed upon the individual. The statute creates no lien upon the vessel, nor does any arise under the maritime law, and a libel in rem for the recovery of such penalty cannot be maintained.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Wilmington.

This case comes up on appeal from the district court of the United States for the Eastern district of North Carolina sitting in admiralty. 103 Fed. 327. The libel is filed by the board of commissioners of navigation against the barge Carrie L. Tyler, and is a proceeding in rem. The gravamen of the libel is as follows: That during the year 1899, at three different times, viz. April 12th,

July 14th, and September 11th, her master, Mart Jones, on board, and in command, refused pilotage service at or near the mouth of the river, and passed over the Cape Fear bar, and up the river to and beyond Wilmington, with full cargoes of phosphate rock on board the said barge, and after discharge of the said cargoes the said barge passed down the river and over the bar again; that in freighting the three cargoes the said barge passed over the bars three times inward, three times outward, three times upward, three times downward, making three inward and three outward voyages, or a total of six voyages; that during all of that time she was in seaworthy condition, and without a pilot on board; that according to the Code of North Carolina (chapter 46, § 3519) the libelant is entitled to and has demanded of the claimant, both the agents and the owners of the said barge, $40 for each time she passed in and up, and each time she passed down and out,—that is to say, six times, — equal to $240; that the same has not been paid, and all of it is overdue. The claimant excepts to the libel upon the ground that its allegations do not disclose any admiralty or maritime claim or lien upon said vessel whereupon an attachment shall be founded. The libel is based upon the provisions of the Code of North Carolina, as follows: "Sec. 3519. Penalty for acting as pilot without license. If any person shall presume to act as pilot who is not qualified and licensed in the manner herein prescribed, he shall forfeit and pay for the use of the commissioners forty dollars for every attempt at piloting. Provided, that should there be no pilot in attendance, any person may conduct into port any vessel in danger from stress of weather or in a leaky condition." The district court sustained the exception, and dismissed the libel. The case is here on assignments of error.

Thomas Evans, for appellant.

George Rountree, for appellee.

Before GOFF and SIMONTON, Circuit Judges.

SIMONTON, Circuit Judge (after stating the facts as above). The libel is against the barge in rem, yet the language of the statute imposes a penalty upon a person; and that penalty would be incurred by any one presuming to act as pilot without a license, whether he be connected with the barge or be a stranger to her. Nor does the statute create a lien for this misconduct of the person assuming to act as pilot. This is clearly a penal statute, and must be construed strictly. U. S. v. Reese, 92 U. S. 214, 23 L. Ed. 563. In an action to recover a statutory penalty, a defendant cannot be subjected to the penalty unless the words of the statute plainly impose it. Tiffany v. Bank, 18 Wall. 409, 21 L. Ed. 862. The court, therefore, will not import into the statute language creating a lien on the vessel. Nor does a lien arise in this matter under maritime law. It is not a breach of a maritime contract. This term is limited to contracts, claims, and services purely maritime, and touching rights and duties appertaining to commerce and navigation. Ferry Co. v. Beers, 20 How. 393, 15 L. Ed. 961. But there is no element of a contract here. Nor can it be classed among maritime torts. It cannot be called a tort. The recovery sought is for a penalty under a statute. Chitty classes actions of this kind as in the class of contracts, debt on statute. 1 Chit. Pl. No. 112. A libel in rem cannot be sustained except upon a maritime contract or a maritime tort. But, in any event, this is no case for a proceeding in rem. In The Corsair, 145 U. S. 347, 12 Sup. Ct. 949, 36 L. Ed. 727, Mr. Justice Brown says:

"A maritime lien is said by writers upon maritime law to be the foundation of every proceeding in rem in the admiralty. In much of the larger class of

cases the lien is given by the general admiralty law, but in other instances—such, for example, as insurance, pilotage, wharfage, and materials furnished in the home port of the vessel—the lien is given, if at all, by the local law. As we are to look, then, to the local law in this instance for the right to take cognizance of this class of cases, we are bound to inquire if the local law gives a lien upon the offending thing. If it merely gives a right of action of a maritime nature, the district court may administer the law by proceedings in personam, as was done with a claim for half-pilotage dues under the law of New York in the case of Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624, but, unless a lien be given by the local law, there is no lien to enforce by proceedings in rem in the court of admiralty."

The proceeding in this case is for a statutory penalty, which, by the terms of the statute, is imposed upon the individual. It is in rem. No lien is created in the statute. None arises under maritime law. The libel cannot be maintained. The court below dismissed the libel. Its decree is affirmed.